**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**G FORCE AMUSEMENT, LLC,**

      **Plaintiff,**

-vs-                                                 **Case No. 6:08-cv-1077-Orl-31KRS**

**SENECA INSURANCE COMPANY,**

      **Defendant.**

_____

## ORDER

This matter comes before the Court on Defendant's Motion to Dismiss or Abate (Doc. 2) and Plaintiff's Response thereto (Doc. 13).

**I. Background**

Defendant Seneca Insurance Company ("Seneca") issued a commercial property insurance policy (Doc. 2-2) ("the Policy") to Plaintiff G Force Amusement, LLC ("GFA") which covered the period of 9/7/2006 to 9/7/2007. GFA submitted two claims to Seneca under this policy, on August 13, 2007 and September 5, 2007, regarding two separate incidents in which lightning struck GFA's property and rendered its business inoperable. Neither of these claims have been paid.

Defendant argues that it has not been able to complete its investigation into these incidents because GFA refuses to allow Seneca to examine, under oath, Chris Buker, GFA's on-site manager at the insured location. Defendant contends that, under the Policy, permitting this examination is a condition precedent to filing a lawsuit.

**II. Legal Analysis**

> It is well-settled that in interpreting insurance contracts, the policy should be construed so as to give effect to the intent of the parties and if the policy is ambiguous, it should be construed against the insurer and in favor of the insured. *Stuyvesant Ins. Co. v. Butler*, 314 So. 2d 567 (Fla. 1975); *Travelers Ins. Co. v. Bartoszewicz*, 404 So. 2d 1053, 1054 n.4 (Fla 1981) (observing that as insurance policies are prepared by experts in a complex field, public policy dictates that courts interpret insurance policies in the manner most favorable to the insured) (citing *Praetorians v. Fisher*, 89 So. 2d 329, 333 (Fla. 1956)).

*Fla. Gaming Corp. v. Affiliated FM Ins. Co.*, 502 F. Supp. 2d 1257, 1261 (S.D. Fla. 2007)

Here, the relevant section of the Policy states that

> [Seneca] may examine any insured under oath, while not in the presence of any other insured and at such times as may be reasonable required, about any matter relating to this insurance or claim, including an insured's books and records. In the event of an examination, an insured's answers must be signed.

(Doc. 2-2 at 28).

The named insured under the policy is GFA and it is undisputed that Seneca has examined, under oath, Steve Norbury, Plaintiff's corporate representative. However, Defendant alleges that this is not sufficient to comply with the Policy, and that it must be permitted to examine GFA's employee, Chris Buker, as well. However, this argument fails.

> The policy language here contemplates examination of "the insured" only; if the court were to consider this language to be ambiguous, such that "the insured" is susceptible of meaning "the insured, its employees, representatives, agents, and others who assist it in formulating its claim," the applicable interpretive rules require that the Court credit the more restrictive meaning.

*Fla. Gaming Corp.*, 502 F. Supp. 2d at 1262. Thus, Defendant has failed to show that this law suit is prohibited by the terms of the Policy.

**III. Conclusion**

Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss (Doc. 2) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 29, 2008.

                                                    GREGORY A. PRESNELL
Copies furnished to:                                UNITED STATES DISTRICT JUDGE

Counsel of Record
Unrepresented Party